

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00138-CR

SHAUNTA DANIELLE BELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027979

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Shaunta Danielle Bell pled guilty to possession with intent to deliver four grams or more but less than 200 grams of methamphetamine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Supp.). After she pled true to the State's enhancement allegation, the trial court placed Bell on deferred adjudication community supervision for a period of ten years pursuant to the terms of a plea-bargain agreement with the State. The terms and conditions of Bell's deferred adjudication community supervision required her to report to her community supervision officer (CSO) in person once a month, "perform 180.00 hours of community service work at the rate of 16.00 hours per month," and successfully complete the "Morgans Mercy Mansion Treatment Program," among other things. Alleging that Bell failed to comply with those terms and conditions, the State moved to revoke her community supervision and to proceed to an adjudication of her guilt. Bell pled true to all of the State's allegations in its motion to adjudicate guilt and, after an evidentiary hearing, the trial court granted the State's motion. The trial court sentenced Bell to twenty-five years' imprisonment, and she appeals.

Bell's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App.

2

1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On September 6, 2023, counsel mailed to Bell copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Bell's signature. Bell was informed of her rights to review the record and file a pro se response. On September 6, this Court informed Bell that any motion for pro se access to the appellate record was due on or before September 22, and on October 2, we notified Bell that any pro se response was due on or before November 1. On November 15, we further informed Bell that the case would be set for submission on the briefs on December 6. We received neither a pro se response from Bell nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, nonreversible error is found in the trial court's listing of the statute of offense.

"[A] person commits an offense if the person knowingly . . . possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). Bell pled guilty to this offense, which was a first-degree felony, because the amount possessed by her was four grams or more but less than 200 grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). However, instead of listing the statute reflecting the offense of possession with intent to deliver, the trial court referenced Section 481.115(d), which is the simple possession statute. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) *with* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.).

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Because the statute of offense recited in the trial court's judgment is incorrect, we must modify the judgment to reflect the correct statute of offense.

We modify the trial court's judgment by removing Section 481.115(d) as the statute of offense and replacing it with Section 481.112(d). As modified, we affirm the trial court's judgment.[1]


Jeff Rambin
Justice

Date Submitted:     December 6, 2023
Date Decided:       January 3, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.